**Application of Hobart Elwood SAUNDERS for Admission to the Bar of the Virgin Islands.**

**Civ. No. 29–1967.**

District Court, Virgin Islands, D. St. Thomas and St. John.

Order April 22, 1968.

Opinion Feb. 10, 1969.

Hobart Elwood Saunders, in pro. per.

Edith L. Bornn, Charlotte Amalie, V. I., for respondent.

## ORDER

STALEY, Circuit Judge (sitting by designation).

Upon consideration of the petition of the applicant herein and upon consideration of the report of the Bar Examining Committee, it is

Ordered that the application of Hobart Elwood Saunders for admission to the Bar of the Virgin Islands of the United States be and is hereby ordered denied for the reason that applicant has failed to meet the educational requirements of Rule 56(b) (7).

## OPINION

This is a motion by Hobart Elwood Saunders denominated "Motion of Appeal of the denial to sit for, and be admitted to the Bar of St. Thomas, United States Virgin Islands." The court, however, will treat it as a motion for reconsideration of its order dated April 22, 1968, which denied petitioner's application for admission to the Bar of the Virgin Islands of the United States on the ground that he did not graduate from an accredited law school approved by the American Bar Association as required by Tit. 5, App.V, V.I.C. Rule 56(b) (7).

Rule 56(b) (7) was enacted on January 11, 1962. More than a year later, on March 23, 1963, petitioner enrolled at the LaSalle Extension University, a correspondence institution in Chicago, and commenced his studies in American Law and Procedure on May 23, 1963. Three years later, he was awarded an LL.B. Degree, Bachelor of Law, from LaSalle University.

Petitioner does not contest the fact that the LaSalle Extension University is not an accredited law school approved by the American Bar Association. He simply contends that the preclusion of LaSalle Law School from among the Schools now being accredited by the Virgin Islands Bar Association is prejudicial and therefore without merit. The court cannot agree. This is not one of those difficult cases where an individual has half completed a course and then learns that that course is no longer acceptable to the organization which he hopes to join. Here, petitioner was given more than a year's notice that he could not become a member of the Virgin Islands Bar unless he graduated from an accredited law school. There is nothing unreasonable or prejudicial about this requirement. Yet, in the face of this rule, petitioner chose to pursue a course of study at a non-accredited law school. This sort of risk-taking is not the kind

of extenuating circumstance that will move the court in its sound discretion to waive Rule 56(b) (7).

Accordingly, petitioner's motion will be denied.